The judgment is reversed, and the cause remanded.

## JACKSON v. STATE.
### No. 18892.

Court of Criminal Appeals of Texas.

March 24, 1937.

T. L. Price, of Post, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for possessing beer for purposes of sale in a dry area; punishment, a fine of $100 and thirty days in the county jail.

There are two or three matters which would necessitate a reversal of the case. The court permitted the introduction of evidence found by the officers by virtue of a search warrant. At the time this offense was alleged to have been committed, we had no law in Texas authorizing the issuance of search warrants to search for violations of the liquor law. This court has been compelled to so hold in a number of cases. A law has been passed now, as we understand, to relieve this situation, but it could not have any effect in this case. The information and complaint are not sufficient. They fail to set out the holding of a local option election in manner and form as is required by law. See Whitmire v. State (Tex.Cr. App.) 94 S.W.(2d) 742; Privitt v. State (Tex.Cr.App.) 98 S.W.(2d) 204.

The judgment is reversed and the prosecution ordered dismissed.

## STAFFORD v. STATE.
### No. 18861.

Court of Criminal Appeals of Texas.

March 31, 1937.

E. J. Shahady, of San Antonio, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for theft of one head of cattle; punishment, two years in the penitentiary.

The record is here without any statement of facts or bills of exceptions. All matters of procedure appear regular.

The judgment is affirmed.